UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SALLY MAE COURTNEY,              )<br>                                                      )<br>           *Plaintiff*                       )<br>                                                      )<br>*v.*                                              )<br>                                                      )<br>CAROLYN W. COLVIN, Acting   )<br>Commissioner of Social Security, [1] )<br>                                                      )<br>           *Defendant*                   )  | No. 2:13-cv-72-DBH |

*MEMORANDUM DECISION ON PLAINTIFF'S MOTION TO SUPPLEMENT RECORD*

In this Social Security appeal, the plaintiff moves to supplement the record with a letter from her attorney and two letters to the plaintiff's attorney from a treating licensed clinical social worker. Plaintiff's Motion to Supplement the Record ("Motion") (ECF No. 12) at 1. I grant the motion in part.

On August 31, 2012, and October 3, 2012, the plaintiff's attorney submitted the documents in question to the Appeals Council. *Id*. at 1. The letter at issue was directed to the administrative law judge and dated September 29, 2011. *Id*. at 2. The hearing before the administrative law judge was held on September 21, 2011. ECF No. 12-1 at [5]. His decision is dated October 12, 2011. Administrative Record (ECF No. 9-2) at 36. The Appeals Council declined to review the records in question because "[t]his new information is about a later time" after October 12, 2011. *Id*. at 2.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant in this matter.

1

The defendant does not object to the addition of the attorney's letter to the record, Defendant's Re[sp]onse to Plaintiff's Motion to Supplement the Record (ECF No. 14) at 2, and, therefore, the motion is granted as to that document.

The other records at issue are two letters to the plaintiff's attorney from Jennifer C. Wood, a licensed clinical social worker, who began treating the plaintiff on September 28, 2011, one week after the hearing before the administrative law judge. ECF 12-1 at [1], [3]. "[T]he official record closes once the administrative law judge issues his or her decision regardless of whether it becomes our final decision." 20 C.F.R. § 405.360. In this case, therefore, the official record was closed well before Wood's records were submitted.

When additional evidence is submitted to the Appeals Council, as was the case here, Motion at 1, it will be considered only "where it relates to the period on or before the date of the hearing decision, and only if you show that there is a reasonable probability that the evidence . . . would change the outcome of the decision[.]" 20 C.F.R. § 405.401(c). The plaintiff contends that Wood's records "discuss treatment of the Plaintiff beginning 9/28/11, which is before the ALJ decision[.]" Motion at 1.

It is true that Wood apparently began treating the plaintiff two weeks before the administrative law judge's opinion was issued. However, in the letters Wood makes no attempt to diagnose the plaintiff retrospectively nor does she indicate when her diagnoses would first have been applicable. More important, perhaps, is the fact that the plaintiff offers no explication of how the letters were likely to have changed the outcome of the commissioner's decision.

Even if this were not the case, the plaintiff has also failed to demonstrate the additional requirement imposed by 20 C.F.R. § 405.401(c): that an action of the defendant misled her; that she had a physical, mental, educational, or linguistic limitation that prevented her from

submitting the evidence earlier; or that some other unusual, unexpected, or unavoidable circumstance beyond her control prevented her from submitting the evidence earlier.

The plaintiff attempts to avoid this omission by contending that the Appeals Council *did* consider Wood's letters, thus making them part of the record, despite the fact that the Appeals Council did not include these letters in the recitation of "additional evidence" that it "considered," Administrative Record at 1 & 5, but rather addressed them separately, concluding that they "d[id] not affect the decision about whether you were disabled beginning on or before October 12, 2011." *Id*. at 2.  If accepted, the plaintiff's interpretation would allow any disappointed applicant for Social Security benefits to begin treatment with a new provider after the administrative hearing and submit records from that provider to the Appeals Council and, absent consideration by the Council, thereby obtain remand of his or her claim. That is not a reasonable interpretation of the relevant Social Security regulations, and the plaintiff cites no authority to support her interpretation.

For the foregoing reasons, the plaintiff's motion is **GRANTED** as to the letter dated September 29, 2011, from the plaintiff's lawyer to the administrative law judge, and otherwise **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 18th day of September, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge