UNITED STATES DISTRICT COURT
                              DISTRICT OF MAINE


SALLY MAE COURTNEY,            )
                               )
        Plaintiff              )
                               )
v.                             )        No. 2:13-cv-72-DBH
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social Security,[1] )
                               )
        Defendant              )


                         REPORT AND RECOMMENDED DECISION[2]


In this Supplemental Security Income ("SSI") appeal, the plaintiff contends that the administrative law judge failed to give appropriate weight to the opinions of her treating physicians and the medical expert who testified at the hearing and that the hypothetical question posed to the vocational expert at the hearing was fatally insufficient. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from headaches, an impairment that was severe but which did not meet or medically equal the criteria of any

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), as amended January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 11, 2013, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart (the "Listings"), Findings 2-3, Record at 14-33; that she retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except that she was capable of understanding, remembering, and carrying out only simple instructions, and using judgment only in making simple work-related decisions, Finding 4, *id*. at 33; that, given her age (41 on the date the application was filed, September 28, 2009), at least a high school education, lack of past relevant work, and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 5-9, *id*. at 34; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time since the date on which the application was filed, September 28, 2009, Finding 10, *id*. at 35. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence

in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Headaches

The plaintiff complains that the administrative law judge made no finding about the frequency, severity, or duration of the headaches that he found to be a severe impairment. Itemized Statement of Specific Errors ("Itemized Statement") (ECF No. 13) at 2. "Without [these findings], the ALJ asked the V[ocational] E[xpert] to assume 'no physical limitations[,]'" which, she contends, contradicts the finding that her headaches were a severe impairment. *Id.* at 2-3.

The commissioner responds that there is no requirement that the administrative law judge make such specific findings, and that the administrative law judge discounted the plaintiff's testimony about the frequency, duration, and intensity of her headaches. Defendant's Opposition to Plaintiff's Itemized Statement of Specific Errors ("Opposition") (ECF No. 16) at 3-4. She

3

adds that the limitations in the administrative law judge's RFC to simple work-related decisions and instructions are related to the finding that the plaintiff suffered from headaches as a severe impairment. *Id*. at 5.

In this regard, the administrative law judge said the following:

> The [plaintiff]'s subjective complaints are discussed in detail above. After careful consideration of the evidence, the undersigned finds that the [plaintiff]'s medically determinable impairments might reasonably be expected to cause some of her alleged symptoms. Nevertheless, the objective data disclosed no significant deficits in her abilities to understand simple instructions, to remember simple instructions, to carry out simple instructions, to use judgment in making simple work-related decisions, to respond appropriately to others or to adapt to changes. Her statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. Her credibility is significantly diminished by the inconsistencies in her statements described above.
>
> The undersigned has given no credence to Dr. Webber's opinion, to the effect that the [plaintiff] is essentially "nonfunctional'" by reason of headaches and psychologically based symptoms. Although the [plaintiff]'s allegations concerning her mental impairments might lead one to the conclusion that she is non-functional, the *objective findings* made during the [plaintiff]'s psychological/psychiatric evaluations, discussed in considerable detail above, have been markedly at odds with her subjective complaints. Similarly, although the [plaintiff]'s allegations concerning her headaches might also lead one to the conclusion that she is non-functional, her allegations regarding the frequency, severity and duration of the headaches are not deemed to be credible.

Record at 34 (emphasis in original).

An impairment is severe when it significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). The only significant limitation in the RFC assigned to the plaintiff by the administrative law judge is the limit to simple instructions and work-related decisions. This is usually a limitation imposed by a mental impairment rather than a physical one, like headaches. The administrative law judge found that the plaintiff's

4

headaches constituted a severe impairment, "[b]ased on the objective medical evidence," Record at 17, but, other than dismissing the plaintiff's testimony about the severity and frequency of the headaches as not credible, he does not discuss what significant limitation caused him to categorize the headaches as a severe impairment.

However, despite this gap in the administrative law judge's analysis, the plaintiff has not pointed to any objective medical evidence regarding the severity of her headaches or their effect on her ability to work. In *Frankowski v. Astrue*, No. 1:12-cv-882, 2012 WL 6153399, at *4, *7 (N.D. Ohio Nov. 14, 2012), the administrative law judge found that the claimant's migraine headaches were a severe impairment, along with several other severe impairments, but included no limitations due to the headaches in the RFC assigned to the claimant. The court upheld the commissioner on this point, reasoning as follows:

> Plaintiff points to medical records related to his treatment for migraine headaches, as well as his own testimony regarding their severity and frequency. However, he does not identify any objective record evidence establishing the severity of his migraines, or their effect on his ability to work. Accordingly, Plaintiff failed to sustain his burden of proving that his migraine headaches were sufficiently severe to merit limitations in his RFC.

*Id*. at *7 (citations omitted). The same is true here; the plaintiff points only to her own testimony concerning any possible effect of her headaches on her ability to work. Itemized Statement at 2-3.

Furthermore, a finding that a particular impairment is severe does not necessarily result in a finding of related limitations on the ability to perform work-related functions, *Burns v. Astrue*, No. 2:11-cv-151-GZS, 2012 WL 313705, at *4 (D. Me. Jan. 30, 2012), particularly where, as is the case here, the impairment is one that can be treated with medication, as the administrative

law judge recounts. Record at 15-17; *see also id.* at 512-14 (90% improvement with Advil migraine).

I am not persuaded by the commissioner's suggestion that the mental limitations in the plaintiff's RFC are caused by, or related to, her headaches, Opposition at 5, and I do not adopt that reasoning as a basis for my recommended decision. I do conclude, however, that the plaintiff's failure to identify medical evidence of limitations caused by her headaches on her ability to perform work-related functions means that she is not entitled to remand on the basis of the arguments she presents in her itemized statement concerning this issue.[3]

## B. Mental Impairments

The plaintiff also challenges the administrative law judge's conclusion that her alleged mental impairments were not severe. Itemized Statement at 3-4. She contends that an anxiety disorder and a depressive disorder should have been found to be severe impairments. *Id*. at 3. She cites only a post-hearing note from Dr. Colin Pope that was submitted to the Appeals Council, Record at 624-29, in support of this argument. *Id*. at 4. It is difficult, therefore, to understand her argument that the lack of "consideration of . . . limitations" caused by these disorders in the administrative law judge's hypothetical question to the vocational expert entitles her to remand. *Id*. She does not contend that the Appeals Council should have acted differently.

---

[3] I am troubled also by the administrative law judge's terse dismissal, Record at 34, of the testimony of Dr. Peter B. Webber, the medical expert, who said that he believed that the plaintiff was "non-functional" as his "overall view of [her] capacities." Record at 91. Dr. Webber went on to say that "a large part of it would be from a psychological part of it, as well as the persistence of her headaches." *Id.* at 92. Although it is not entirely clear, the administrative law judge apparently found Dr. Webber's testimony to be inconsistent with the medical evidence in the record, which evidence Dr. Webber had presumably reviewed. Dr. Webber's opinion does address an issue reserved to the Commissioner, whether the claimant is disabled, but a more reasoned analysis to provide a basis for the administrative law judge's rejection of the opinion of one who is, after all, an "impartial expert" is certainly preferable. Even if this issue were properly before the court, *see Babb v. Astrue*, No. 2:10-cv-49-DBH, 2010 WL 5465839, at *4 n.5 (D. Me. Dec. 29, 2010), I have already concluded that the limitations included in the plaintiff's RFC, and the hypothetical question, by the administrative law judge could only have stemmed from mental impairments, not from the plaintiff's headaches. Accordingly, the plaintiff takes nothing by this argument.

6

In addition, the plaintiff fails to identify the specific limitations imposed by these impairments, whether or not severe, that would have necessarily affected the outcome of her application for benefits, a basic requirement at this level of review. *Wallace v. Astrue*, No. 2:10-cv-428-GZS, 2011 WL 4501065, at *2 (D. Me. Sept. 27, 2011). The plaintiff does note Global Assessment of Functioning ("GAF") scores, apparently found in Dr. Pope's post-hearing records, of 45 to 55 and what those scores mean according to the Diagnostic and Statistical Manual ("DSM-IV") of mental impairments, but it is similarly a basic precept of Social Security law that "[a] GAF score, standing alone, does not necessarily indicate an inability to work or to perform specific work-related functions." *LaFontaine v. Astrue*, No. 1:10-cv-527-JAW, 2011 WL 4459197, at *4 (D. Me. Sept. 25, 2011) (rec. dec., *aff'd* Oct. 13, 2011).

The plaintiff has not demonstrated that she is entitled to remand on this basis.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may filed objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of December, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge